UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUNGE MILLING, INC., an Illinois corporation, dba PACIFIC INTERNATIONAL RICE MILLS,<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL COMMODITIES TRADING GROUP, INC., a California corporation and DOES 1-50, inclusive,<br><br>Defendant. | No. 2:14-CV-01388-KJM-CKD<br><br><br><br>ORDER |

    1.    Plaintiff BUNGE MILLING, INC., an Illinois corporation, dba PACIFIC INTERNATIONAL RICE MILLS ("BUNGE") and Defendant GLOBAL COMMODITIES TRADING GROUP, INC., a California corporation ("GLOBAL"), agree that judgment shall be entered in favor of Plaintiff BUNGE MILLING, INC. dba PACIFIC INTERNATIONAL RICE MILLS, as follows:

    2.    Judgment is hereby entered in favor of Plaintiff BUNGE in the amount of Two Hundred Seventy-Five Thousand Dollars ($275,000.00);

1

3. Bunge acknowledges and agrees that AIG/The Insurance Company of Pennsylvania (collectively "AIG") has senior subrogation rights on the accounts receivable commonly referred to as the BACHOSA account;

4. BUNGE acknowledges and agrees that Poinsett Rice & Grain ("Poinsett") has a senior U.C.C. lien on all of GLOBAL's accounts receivable (subject only to the senior rights of AIG on the BACHOSA account);

5. BUNGE agrees that other than perfecting its judgment lien, which it acknowledges will be subordinate to the secured rights of AIG and Poinsett, it will forbear from enforcing collection of its stipulated judgment until after AIG and Poinsett have been paid in full by GLOBAL and/or AIG and Poinsett have, respectively, agreed to and accepted payment of lesser sums from GLOBAL and/or have agreed to no longer seek payment from GLOBAL.  The parties agree that this provision will not apply in the event that GLOBAL files bankruptcy or a receiver is appointed or is otherwise involved in proceedings arising out of its insolvency;

6. BUNGE agrees that it will allow Global, AIG and/or Poinsett to pursue collections of Global's accounts/receivable and will not interfere with such collection efforts;

7. GLOBAL agrees to provide BUNGE with semi-annual status reports on its collection efforts.  However, upon BUNGE's request, GLOBAL shall provide BUNGE with an update/status report regarding any payments made to AIG and/or POINSETT;

8. GLOBAL agrees to provide written notice to Bunge within seven (7) days of the date(s) when final payment has been made to Poinsett and/or AIG have been made and/or Poinsett and/or AIG have agreed to no longer seek payment from GLOBAL.  GLOBAL SHALL mail such written notice to BUNGE at the following addresses: Bunge Milling, Inc., c/o Legal Department, 11720 Borman Drive, St. Louis, MO 63146;

9. The total Judgment amount shall bear interest as set forth in 28 U.S.C. § 1961 until satisfied;

10. Each party shall bear its own costs and attorney's fees.

11.     The court declines continuing jurisdiction over the parties' agreement. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994). Absent an independent basis of federal jurisdiction, enforcement of the agreement is for the state courts. *See id.* at 382.

IT IS SO ORDERED.

DATED: September 29, 2015

_____
UNITED STATES DISTRICT JUDGE